UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

CARL HOLMES,

                Plaintiff,

      v.

TERRAFORM POWER, INC., BRIAN
LAWSON, CAROLYN BURKE,
CHRISTIAN S. FONG, HARRY GOLDGUT,
RICHARD LEGAULT, MARK
MCFARLAND, and SACHIN SHAH,

                Defendants.

------------------------------------------------------------

Case No._____

**COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

Plaintiff Carl Holmes ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.      This action is brought by Plaintiff against TerraForm Power, Inc. ("TerraForm" or the "Company") and the members of TerraForm's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which TerraForm will be acquired by Brookfield Renewable Partners L.P. ("BEP") and Brookfield Renewable Corporation ("BEPC"), through BEP's wholly owned subsidiary 2252876 Alberta ULC ("Acquisition Sub") (the "Proposed Transaction").

2.      On March 16, 2020, TerraForm and BEP issued a joint press release announcing that they had entered into an Agreement and Plan of Reorganization dated March 16, 2020 (the "Reorganization Agreement").  Under the terms of the Reorganization Agreement, each share of Class A common stock of TerraForm not currently held by BEP[1] will be acquired for consideration equivalent to 0.381 of a BEP unit (the "Exchange Ratio").  TerraForm stockholders will be entitled to receive, at their election, either: (i) Class A shares of BEPC ("BEPC shares"), or (ii) limited partnership units of BEP ("BEP units") for each share of TerraForm Class A common stock they own ("Merger Consideration").

3.      On June 30, 2020, TerraForm filed a Definitive Proxy Statement on Form DEFM 14A with the SEC (the "Proxy Statement").  The Proxy Statement, which recommends that TerraForm stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) certain strategic, financial and operational benefits anticipated from the Proposed Transaction, prepared by TerraForm's and BEP's management; (ii) the data and inputs underlying the valuation analyses performed by the special committee of the Board's ("Special Committee") financial advisors, Morgan Stanley & Co. LLC ("Morgan Stanley") and Greentech Capital Advisors ("Greentech"); (iii) potential conflicts of interest faced by Morgan Stanley.  The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as TerraForm stockholders need such information in order to make a fully informed decision whether to vote in favor of the Proposed Transaction.

4.      In short, unless remedied, TerraForm's public stockholders will be forced to make a voting decision on the Proposed Transaction without full disclosure of all material information

---

[1] As of June 3, 2020, BEP held 61.64% of the Company's common stock.

concerning the Proposed Transaction being provided to them.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Moreover, TerraForm is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of TerraForm.

9.      Defendant TerraForm is incorporated in Delaware, with its principal executive offices located at 200 Liberty Street, 14th Floor, New York, New York 10281.  TerraForm owns and operates a best-in-class renewable power portfolio of solar and wind assets located primarily in the U.S. and E.U., totaling more than 4,200 Megawatts ("MW") of installed capacity.

TerraForm's common stock trades on the Nasdaq Global Select Market under the ticker symbol "TERP."

10.     Defendant Brian Lawson ("Lawson") serves as Chair of the Board and has been a director of the Company since October 2017.  Defendant Lawson is also Vice Chair of Brookfield Asset Management Inc. ("Brookfield") and previously served as the Chief Financial Officer ("CFO") of Brookfield from 2002 to 2020.

11.     Defendant Carolyn Burke ("Burke") has been a director of the Company since May 2018.

12.     Defendant Christian S. Fong ("Fong") has been a director of the Company since February 2017.

13.     Defendant Harry Goldgut ("Goldgut") has been a director of the Company since October 2017.   Defendant Goldgut is Vice Chair of Brookfield's Renewable Group and Infrastructure Group and provides strategic advice related to Brookfield's open-end Infrastructure Fund.  Defendant Goldgut has held various positions with Brookfield since 1997.

14.     Defendant Richard Legault ("Legault") has been a director of the Company since October 2017.  Defendant Legault is Vice Chair of Brookfield's Renewable Group and previously served as Executive Chairman of Brookfield's Renewable Group.  Defendant Legault previously served as Chief Executive Officer ("CEO") of BEP from 1999 to 2015.

15.     Defendant Mark McFarland ("McFarland") has been a director of the Company since October 2017.

16.     Defendant Sachin Shah ("Shah") has been a director of the Company since October 2017.  Defendant Shah is a Managing Partner of Brookfield's Renewable Group and has been CEO

of BEP since August 2015.  Defendant Shah has been employed with Brookfield since 2002 and served in a variety of senior financial roles, including as CFO of BEP from 2011 to 2015.

17.     Defendants identified in paragraphs 10-16 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

18.     BEP is a Bermuda exempted limited partnership with its principal executive offices located at 73 Front Street, 5th Floor Hamilton, HM 12, Bermuda.  BEP is a holding entity and its only substantial asset is  its limited partnership interest in Brookfield Renewable Energy L.P.  BEP was established by Brookfield to own and operate high-quality power assets globally, and is one of the largest, publicly traded, pure-play renewable power businesses in the world.  BEP is listed on the New York Stock Exchange under the ticker symbol "BEP" and on the Toronto Stock Exchange under the ticker symbol "BEP.UN."

19.     BEPC is a corporation incorporated under the laws of British Columbia and is a controlled subsidiary of BEP.

20.     Acquisition Sub is an Alberta corporation and a wholly owned direct subsidiary of BEP.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

21.     TerraForm acquires, owns and operates solar and wind assets in North America and Western Europe.  It is the owner and operator of over 4,100 MW diversified portfolio of high-quality solar and wind assets underpinned by long-term contracts.  TerraForm is a holding company and its primary asset is an equity interest in TerraForm Power, LLC ("Terra LLC").

22.     On March 17, 2020, the Company reported its fourth quarter and full year 2019

financial results.  For the full year 2019, TerraForm generated Adjusted EBITDA of $$744 million, an increase of $154 million compared to 2018, and cash available for distribution ("CAFD") of $173 million, an increase of $47 million compared to 2018.  The Company also executed value-adding acquisitions totaling 480 MW during 2019, including the acquisition of 320 MW of AtlaGas DG solar assets in the United States and recent acquisitions of 145 MW of solar plants in Spain, deploying equity of approximately $440 million.  TerraForm declared a first quarter 2020 distribution of $0.2014 per share.   John Stinebaugh, CEO of TerraForm commented on the Company's financial results, stating:

> In 2019, we continued to execute our growth strategy, deploying $440 million of equity in accretive acquisitions in North America and Europe, advancing our two repowerings in New York and implementing full scope operations and maintenance contracts with robust performance guarantees for our wind and solar fleets.  Despite our substantial operational progress, 2019 was a transitional year for TerraForm Power from a financial perspective as these initiatives were phased-in over the course of the year. Going forward, we believe we are well-positioned to reap the full benefits from these initiatives.

**The Proposed Transaction**

23.    On March 16, 2020, TerraForm and BEP issued a joint press release announcing the Proposed Transaction, which states, in relevant part:

> BROOKFIELD, NEWS, March 16, 2020 -- Brookfield Renewable Partners L.P. ("Brookfield Renewable" or "BEP") (TSX: BEP.UN; NYSE: BEP) and TerraForm Power, Inc. ("TerraForm Power" or "TERP") (Nasdaq: TERP) today announced that they have entered into a definitive Reorganization Agreement for Brookfield Renewable to acquire all of the outstanding shares of Class A common stock of TerraForm Power, other than the approximately 62% currently owned by Brookfield Renewable and its affiliates.
>
> Each share of Class A common stock of TerraForm Power will be acquired for consideration equivalent to 0.381 of a Brookfield Renewable unit. For each share of TerraForm Power's Class A common stock held, TERP shareholders will be entitled to receive, at their election, either Class A shares of Brookfield Renewable Corporation ("BEPC shares") or limited partnership units of Brookfield Renewable ("BEP units").

The Special Committee of the Board of Directors at TerraForm Power (the "Special Committee"), comprised solely of non-executive, independent directors of TerraForm Power, has unanimously recommended that TERP shareholders approve the transaction. The Special Committee believes the transaction is fair to and in the best interests of TERP and its unaffiliated shareholders.

"This is a compelling transaction that creates significant value for investors in both companies through a simplified corporate structure and continued sponsorship from Brookfield Asset Management," said Sachin Shah, CEO of Brookfield Renewable. "We are pleased to have reached an agreement for a combined business with a longstanding track record of creating value for shareholders through all economic cycles, where investors will benefit from a globally diversified mandate, supported by significant access to capital and one of the strongest investment grade balance sheets in the sector."

He continued, "The form of consideration through BEP units or the new BEPC shares will allow TERP shareholders to choose how to most efficiently participate in the transaction, either through a partnership or corporate structure."

Mac McFarland, Chair of the Special Committee, said, "We are pleased to have reached this agreement with Brookfield Renewable and believe it is in the best interests of TERP and its shareholders. Since receiving Brookfield Renewable's initial proposal in January, the Special Committee has conducted extensive due diligence. With the assistance of our independent advisors, we have concluded that Brookfield Renewable's improved proposal, which includes an increase in the exchange ratio, provides an immediate realization of value and upside potential. With the transaction, TERP shareholders will benefit from access to a broader growth mandate that includes the acquisition of global, multi-technology renewable power assets and development opportunities, as well as increased access to capital and liquidity, underpinned by an investment grade balance sheet."

The combined company will be one of the largest publicly-traded, globally-diversified, multi-technology, pure-play renewable power platforms, with total assets of approximately $50 billion and expected annual funds from operations of approximately $1 billion.

**Transaction Details**

As consideration for the transaction, TERP shareholders can elect to receive, for each share of TerraForm Power Class A common stock held, either BEPC shares or BEP units. Consideration for each share of Class A common stock of TERP will be equivalent to 0.381 of a BEP unit. TERP shareholders who do not make any election will receive BEPC shares. There is no limit on the number of TERP shares that may be exchanged for BEPC shares or BEP units.

As previously announced, Brookfield Renewable also intends to make a special distribution of BEPC shares to its unitholders. BEPC is a Canadian corporation and will be listed on the TSX and NYSE. The BEPC shares are structured with the intention of being economically equivalent to a BEP unit, including identical distributions, as and when declared, and will be fully exchangeable at any time, at the shareholder's option, for a BEP unit on a one-for-one basis. As such, offering TERP shareholders the right to elect to receive BEP units or BEPC shares provides them the option of investing in Brookfield Renewable through a partnership or corporate structure. The exchange ratio will proportionally reflect the contemplated special distribution of BEPC shares to Brookfield Renewable unitholders, which we expect to close concurrently with the closing of the transaction.

The transaction is subject to, among other things, the non-waivable approval of TERP shareholders representing a majority of the outstanding shares of TERP Class A common stock not owned by Brookfield Renewable and its affiliates. The transaction is also subject to other customary closing conditions and is expected to close in the third quarter of 2020.

**The Proxy Statement Contains Numerous Material Misstatements or Omissions**

24.     The defendants caused to be filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to TerraForm's stockholders.  The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

25.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) certain strategic, financial and operational benefits anticipated from the Proposed Transaction, prepared by TerraForm's and BEP's management; (ii) the data and inputs underlying the valuation analyses performed by the Special Committee's financial advisors, Morgan Stanley and Greentech; and (iii) potential conflicts of interest faced by Morgan Stanley.

***Material Omissions Concerning Certain Strategic, Financial and Operational Benefits Anticipated from the Proposed Transaction, Prepared by TerraForm's and BEP's Management***

26.     The Proxy Statement omits material information regarding certain strategic, financial and operational benefits anticipated from the Proposed Transaction, prepared by TerraForm's and BEP's management (the "Synergies").

27.     For example, the Proxy Statement sets forth:

In arriving at its opinion, Morgan Stanley, among other things:

\* \* \*

- Reviewed information relating to certain strategic, financial and operational benefits anticipated from the TERP acquisition, prepared by the managements of TerraForm Power and BEP, respectively, and approved for Morgan Stanley's use by the Special Committee, which we refer to for purposes of this section titled "Opinion of Morgan Stanley & Co. LLC" as the synergies;

- Discussed the past and current operations and financial condition and the prospects of TerraForm Power, including the synergies, with senior executives of TerraForm Power;

- Discussed the past and current operations and financial condition and the prospects of BEP, including the synergies, with senior executives of BEP;

Proxy Statement at 169.   The Proxy Statement, however, fails to disclose and quantify the Synergies.

28.     The omission of this information renders the statements in the "Opinions of Financial Advisors to the Special Committee of TerraForm Power," "Certain TerraForm Power Forecasts" and "Certain BEP Forecasts" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Morgan Stanley's and Greentech's Financial Analyses***

29.     The Proxy Statement describes Morgan Stanley's and Greentech's fairness opinions and the various valuation analyses performed in support of their opinions.   However, the descriptions of Morgan Stanley's and Greentech's fairness opinions and analyses fail to include key inputs and assumptions underlying these analyses.   Without this information, as described below, TerraForm's public stockholders are unable to fully understand these analyses and, thus,

are unable to determine what weight, if any, to place on Morgan Stanley's and Greentech's fairness opinions in determining whether to vote in favor of the Proposed Transaction.

30.     With respect to Morgan Stanley's *Levered Discounted Cash Flow Analysis – NAV Model Analysis*, the Proxy Statement fails to disclose: (i) quantification of the discounted net present values of the cash flow to equity that TerraForm is estimated to generate between June 30, 2020 and December 31, 2053; and (ii) quantification of the inputs and assumptions underlying the discount rates ranging from 4.1% to 5.1%.

31.     With respect to Morgan Stanley's *Levered Discounted Cash Flow Analysis – Five-Year Business Plan Model Analysis*, the Proxy Statement fails to disclose: (i) quantification of the discounted net present values of the dividends paid that TerraForm is estimated to generate between June 30, 2020 and December 31, 2024; and (ii) quantification of the inputs and assumptions underlying the discount rates ranging from 4.1% to 5.1%.

32.      With respect to Morgan Stanley's *Equity Research Analysts' Price Targets* analysis, the Proxy Statement fails to disclose: (i) the price targets observed by Morgan Stanley in the analysis; and (ii) the sources thereof.

33.     With respect to Morgan Stanley's *Illustrative Value Creation Analysis*, the Proxy Statement fails to disclose BEP's future total unitholder return of BEP units for the years 2020-2024.

34.     With respect to Greentech's *Corporate Discounted Cash Flow Analyses – TerraForm Power*, the Proxy Statement fails to disclose and quantify the terminal year metric used in the analysis.

35.      With respect to Greentech's *Corporate Discounted Cash Flow Analyses – BEP*, the Proxy Statement fails to disclose and quantify the terminal year metric used in the analysis.

36.     With respect to Greentech's *Sum-of-the-Parts Analysis*, the Proxy Statement fails to disclose: (i) TerraForm's cash flows to equity and terminal value of each individual project used in the analysis; (ii) the details of management's assumptions underlying the Run-off Case that Greentech relied upon in the analysis, including, but not limited to, project life spans, terminal value, growth assumptions, and long-term power price curves; (iii) quantification of the Project-level Discount Rates; (iv) quantification of the Project-level CAFD Yields; and (v) the value of the management fees and incentive distribution rights to Brookfield that Greentech excluded from the Run-off value in the analysis.

37.     With respect to Greentech's *Other Analyses*, the Proxy Statement fails to disclose: (i) the price targets observed by Greentech in the analysis; and (ii) the sources thereof.

38.     The omission of this information renders the statements in the "Opinions of Financial Advisors to the Special Committee of TerraForm Power," "Certain TerraForm Power Forecasts" and "Certain BEP Forecasts" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Morgan Stanley's Potential Conflicts of Interest***

39.     The Proxy Statement fails to disclose material information concerning the conflicts of interest faced by Morgan Stanley.

40.     The Proxy Statement sets forth:

[i]n the two years prior to the date it rendered its opinion in connection with the TERP acquisition, in addition to the services described in this proxy statement/prospectus, Morgan Stanley and its affiliates provided financial advisory services to TerraForm Power and its affiliates, and received aggregate fees of approximately $5 to $15 million in connection with such services.

*Id.* at 180.  The Proxy Statement, however, fails to disclose the specific services that Morgan Stanley performed for TerraForm in the two years prior to rendering its fairness opinion.

41.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

42.     The omission of this material information renders the statements in the "Opinions of Financial Advisors to the Special Committee of TerraForm Power" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

43.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other TerraForm stockholders will be unable to make an informed voting decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder

44.     Plaintiff repeats all previous allegations as if set forth in full.

45.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

46.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented

and/or omitted material facts, including material information about certain strategic, financial and operational benefits anticipated from the Proposed Transaction, prepared by TerraForm's and BEP's management, the data and inputs underlying the valuation analyses performed by the Special Committee's financial advisors, Morgan Stanley and Greentech, and potential conflicts of interest faced by Morgan Stanley.  The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

47.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

48.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

49.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

50.     Plaintiff repeats all previous allegations as if set forth in full.

51.     The Individual Defendants acted as controlling persons of TerraForm within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of TerraForm, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control,

directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

52.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

53.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

54.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

55.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

56.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the

Exchange Act.  As a direct and proximate result of defendants' conduct, TerraForm stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of TerraForm, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to TerraForm stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  July 17, 2020                                  **WEISSLAW LLP**

                                                                       By
                                                                            Richard A. Acocelli

1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*